**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL MENESES, | |
| Plaintiff, | 3:06-CV-00295-RCJ (VPC) |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| WILLIAM DONAT, ET AL., | |
| Defendants. | July 10, 2007 |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Kevin Brady, Chester Byars, and Rick Rose's motion to dismiss (#19). Plaintiff opposed (#21) and defendants replied (#23). The court has thoroughly reviewed the record and the parties' motions and finds that defendants' motion to dismiss (#19) should be granted in part and denied in part.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Daniel Meneses ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#11). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments (#11). In his amended complaint, plaintiff alleges deprivation of statutory good time credits (Count I), cruel and unusual treatment (Count II), denial of due process in a disciplinary hearing (Count III), and deprivation of property without due process of law (Count IV). *Id.* Plaintiff names as defendants William Donat, Warden of Nevada State Prison ("NSP"); Kevin P. Brady, NSP Correctional Officer; Chester Byars, NSP Correctional

1  Officer; and Sgt. Rick Rose, NSP Correctional Officer.[1] *Id.* On January 4, 2007, defendants
2  Kevin Brady and Chester Byars ("defendants") filed a motion to dismiss counts II and IV.

3  Plaintiff's claims arise out of his status change to disciplinary segregation after he was
4  found to have battered a fellow inmate (#11). He received one year and sixty days of disciplinary
5  segregation and was placed on "walk-alone" status.[2] As a consequence, plaintiff receives outdoor
6  exercise time on a "lottery" system. *Id.* at 5. Under this system, plaintiff does not receive outdoor
7  exercise–"yard time"–unless another inmate refuses "yard time" for the day. *Id.* In Count II,
8  plaintiff alleges that this system denies him outdoor exercise and results in cruel and unusual
9  punishment in violation of the Eighth Amendment.

10  Plaintiff's Due Process claim is based on an NSP policy, which requires all inmates in
11  long-term disciplinary segregation to ship-out or donate unauthorized property. *Id.* at 10. If
12  unauthorized property is not shipped out or donated, it is destroyed. In Count IV, plaintiff alleges
13  that the destruction of his property is a violation of the Due Process Clause because he was not
14  afforded a hearing on the issue of property disposal.[3] *Id.*

15  The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff
16  appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit
17  of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*
18  *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
19  ///
20  ///
21  ///

---

[1] The District Court dismissed Counts I and III and defendants Donat and Rose on October 30, 2006 (#15).

[2] A "walk-alone" inmate must be segregated from all other inmates while exercising.

[3] It also appears that plaintiff attempts to make out an equal protection claim in Count IV based on the fact that only NSP has the unauthorized property rule for long-term disciplinary segregation inmates. As plaintiff's allegations are vague and he fails to allege discriminatory intent, the court does not construe an equal protection claim in Count IV.

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Motion to Dismiss Standard**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Barnett*, 31 F. 3d at 816; *see also Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim. *Id*.

**B. Analysis**

**1. Count II**

In Count II, plaintiff alleges that defendants Byars and Brady violated his Eighth Amendment rights by depriving him of outdoor exercise (#11). Plaintiff received one year and sixty days of disciplinary segregation for assaulting another inmate. *Id*. at 5. Plaintiff alleges that the disciplinary segregation unit does not have an exercise yard equipped for inmates on "walk-alone" status and that only the administrative segregation unit has a yard equipped for "walk-alone" status inmates (#21 at 4). As a result, inmates housed in the disciplinary segregation unit receive exercise time on a lottery basis (#11 at 5). Essentially, plaintiff alleges that an inmate housed in disciplinary segregation only receives outside exercise time if an inmate in

1  administrative segregation foregoes his exercise time for the day. *Id.*

2  "Outdoor exercise has been determined to be one of the basic human necessities protected by the Eighth Amendment." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). To determine if a particular deprivation of outdoor exercise is an Eighth Amendment violation courts apply a two-part test: (1) was the deprivation sufficiently serious and (2) did the officials act with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Whether a deprivation of outdoor exercise is sufficiently serious is an objective question. *Id.* In *Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979), the court held that denial of regular outdoor exercise to inmates for longer than four years was a violation of the Eighth Amendment. The inmates in *Spain* were deprived of all outdoor exercise. *Id.* at 199. The *Spain* court identified several other factors that necessitated outdoor exercise: continuous segregation, spending virtually twenty-four hours a day in a cell with only minimal corridor exercise, and minimal human contact. *Id.* at 200.

Plaintiff does not allege that he is denied all outside exercise. In fact, plaintiff admits in his complaint that he is allowed outdoor exercise based on a lottery system (#11 at 5). Plaintiff also fails to allege that he suffers any adverse medical effects from exercise deprivation, although plaintiff does allege that he only receives ten minutes out of his cell every other day to shower and has no other opportunity to leave his cell aside from "yard time." The court concludes that having outdoor exercise on a "lottery" basis, as a consequence of plaintiff's sentence to disciplinary segregation, is not a sufficiently serious deprivation to give rise to an Eighth Amendment violation. *See Spain*, 600 F.2d at 199.[4] Therefore, the defendants' motion to dismiss Count II is granted.

///
///
///

---

[4] Because plaintiff does not allege a sufficiently serious deprivation to rise to the level of an Eighth Amendment violation, the court need not address whether the defendants acted with a sufficiently culpable state of mind.

### 2. Count IV

In Count IV, plaintiff alleges that his Fourteenth Amendment right to due process was violated when defendant Brady took plaintiff's personal property after plaintiff was placed in long-term disciplinary segregation (#11 at 10). Plaintiff alleges that defendant Brady denied him a hearing prior to disposing of his personal property, including blue shirts, pants, and other personal items (#21 at B2).[5] To establish a denial of due process, plaintiff must demonstrate that (1) NSP interfered with a liberty or property interest and (2) the procedures used were inadequate. *Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003). Unauthorized intentional deprivations of property do not violate due process protections if a meaningful post-deprivation remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). No evidence has been presented to the court which indicates that plaintiff received an adequate post-deprivation remedy; therefore, the dispositive issue is whether plaintiff was afforded due process prior to the deprivation of his property.

Taking the allegations in the complaint as true, plaintiff has alleged that (1) defendants took personal property and (2) he did not receive a hearing on the disposal of his property. Because plaintiff alleges the complete absence of a hearing on the issue of property disposal, he has alleged sufficient facts to make out a due process claim.

Defendants assert that forfeiture of property is a natural consequence of placement in more restrictive confinement (#19 at 9). However, defendants presented no evidence to support this argument. Particularly, defendants have not presented evidence of administrative regulations which establish the deprivation of property in disciplinary segregation, nor have they presented evidence that plaintiff was informed at or before the hearing that he risked deprivation of his property if found guilty. The defendants' motion to dismiss plaintiff's due process claim in count IV is denied.

///

---

[5] Plaintiff alleges that he exhausted his administrative remedies and defendants have not challenged this allegation; therefore, the court does not address exhaustion.

**3. Immunity**

**(a) Official Immunity**

Plaintiff seeks only monetary damages for his claims (#11 at 9). Plaintiff brings his complaint against the defendants both in their official and personal capacities (#11 at 2). Defendants argue that because they were acting in their official capacities, they are immune to suits for money damages under the Eleventh Amendment (#23 at 3). In *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89 (1984), the Supreme Court held that a plaintiff may not maintain an action in federal court for money damages against a state official acting in his official capacity under 42 U.S.C. § 1983. *Id.* at 101-02. Therefore, plaintiff's claims against defendants in their official capacities for money damages are barred by the Eleventh Amendment and the defendants' motion to dismiss is granted as to plaintiff's claims for monetary damages against defendants in their official capacities.

**(b) Qualified Immunity**

Defendants also contend that they are shielded by qualified immunity (#23 at 9). Qualified immunity protects state officials, sued in their individual capacities, from payment of civil damages unless the conduct complained of violates a clearly established constitutional or statutory right of which a reasonable person would have been aware. *See e.g.*, *Jackson v. City of Bermerton*, 268 F.3d 646, 650 (9th Cir. 2001). This involves a sequential three-step analysis: (1) viewing the facts in the light most favorable to the plaintiff whether there was a constitutional violation; (2) whether the constitutional right was well-established and, (3) whether it was unreasonable for the official to believe his actions constitutional. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

On a motion to dismiss, the court must accept as true plaintiff's allegations that defendant Brady violated plaintiff's Fourteenth Amendment rights by depriving plaintiff of his property without due process. Assuming, *arguendo*, that the right to a hearing before deprivation of property as a consequence of long-term disciplinary segregation is well-established, the court concludes it is unable to grant qualified immunity to defendant Brady at this time. There is no evidence before the court to indicate that defendant Brady reasonably believed his actions were

- 6 -

constitutional. As to defendants Donat, Byars and Rose, who were named only in plaintiff's Eighth Amendment claim, the qualified immunity analysis is inapplicable because the court concluded above that there was no Eighth Amendment violation.

///

### III.  CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that:

- Count II alleges insufficient facts to support a violation of plaintiff's Eighth Amendment rights;

- Count IV alleges sufficient facts to support a violation of plaintiff's due process rights;

- Plaintiff's claims against the defendants in defendants' official capacities are barred by the Eleventh Amendment;

- Defendant Brady is not entitled to qualified immunity at this stage in the proceedings because the court has insufficient facts to determine whether it was reasonable for defendant Brady to believe his actions constitutional; and

- Defendants Donat, Byars and Rose did not violate plaintiff's Eighth Amendment rights; therefore, the qualified immunity analysis is inapplicable.

As such, the court concludes that defendants' motion to dismiss (#19) be **GRANTED** as to Count II and as to plaintiff's claims against defendants in their official capacities. The court futher concludes that defendants' motion to dismiss (#19) be **DENIED** as to Count IV against defendant Brady in his personal capacity.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (#19) be **GRANTED** as to Count II and as to plaintiff's claims against defendants in their official capacities; and

**IT IS FURTHER RECOMMENDED** that the defendants' motion to dismiss (#19) be **DENIED** as to Count IV against defendant Brady in his personal capacity.

**DATED:** July 10, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**